UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WILLIAM ALEXANDER, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case: 1:16-cv-01113<br>Assigned To : Unassigned<br>Assign. Date : 6/14/2016<br>Description: Pro Se Gen. Civ. |
| RICK SNYDER, *et al.*, | ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The application will be granted, and the complaint will be dismissed.

According to the plaintiff, a Michigan law combined the pension fund for state court judges with the fund for executive branch officials, and the "joint pension fund stealthily draws additional compensation from the Federal Government's child support program." Compl. at 2. He alleges that the defendants are engaged in a RICO enterprise pursuant to which a portion of his child support payments is diverted to the pension fund. *See id.* at 13. Among other relief, the plaintiff demands that the Michigan law combining the pension funds be declared unconstitutional. *Id.* at 30.

"Article III of the United States Constitution limits the judicial power to deciding 'Cases and Controversies.'" *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir. 2008) (quoting U.S. Const. art. III, § 2), *cert. denied*, 556 U.S. 1167 (2009). A party has standing for purposes of Article III if his claims "spring from an 'injury in fact' -- an invasion of a legally protected

3

interest that is 'concrete and particularized,' 'actual or imminent' and 'fairly traceable' to the challenged act of the defendant, and likely to be redressed by a favorable decision in the federal court." *Navegar, Inc. v. United States*, 103 F.3d 994, 998 (D.C. Cir. 1997) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Standing may be denied to a litigant who seeks to assert the rights of a third party. *Navegar*, 103 F.3d at 998.

In this case, the plaintiff faults a Michigan statute and the workings of a pension fund in which he does not participate. It does not appear that the plaintiff stands to suffer any injury with respect to the pension funds, and, therefore, he has no standing to assert his claims. The Court will dismiss the complaint for lack of subject matter jurisdiction..

An Order consistent with this Memorandum Opinion is issued separately.

DATE: 6/13/16

United States District Judge